UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID LENIHAN and JAN LENIHAN,

Plaintiffs,

v.

COMPUTER ASSOCIATES
INTERNATIONAL, INC.,

Defendant.

C.A. No. 04-11701-DPW

## NOTICE OF FILING CERTIFIED COPIES OF STATE COURT PROCEEDINGS

Pursuant to Local Rule 81.1, defendant Computer Associates International, Inc., hereby files certified copies of all records and proceedings in Middlesex Superior Court Civil Action No. 04-2494, which was removed to this Court on August 2, 2004.

Respectfully submitted,

COMPUTER ASSOCIATES
INTERNATIONAL, INC.

By its attorneys,

HOLLAND & KNIGHT LLP

*/s/ David J. Santeusanio*
Paul G. Lannon, Jr. (BBO # 563404)
David J. Santeusanio (BBO # 641270)
10 St. James Avenue
Boston, Massachusetts 02116
(617) 523-2700

Dated: August 5, 2004

# 2121307_v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2004, I electronically filed a Notice of Filing Certified
Copies of State Court Proceedings with the Clerk of Court using the CM/EMF system, which
will send notification of such filing to the following attorneys of record:

Peter H. Noone, Esq.
Avery, Dooley, Post & Avery, LLP
90 Concord Avenue
Belmont, MA 02478

Paul G. Lannon, Jr., Esq.
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116

/s/ David J. Santeusanio
David J. Santeusanio, Esq.
Holland & Knight LLP
10 St. James Avenue
Boston, Massachusetts 02116

**Commonwealth of Massachusetts**
**SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**CAMBRIDGE**

MICV2004-02494

I, Karen O'Connor, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 21st of June, in the year of our Lord, Two Thousand Four



In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 2nd of August, in the year of our Lord, Two Thousand Four

_Karen A. O'Connor_
Deputy Assistant Clerk

<div align="center">COMMONWEALTH OF MASSACHUSETTS</div>

MIDDLESEX, ss.



SUPERIOR COURT
CIVIL ACTION NO. 04-2494

---

DAVID LENIHAN and JAN LENIHAN,

    Plaintiffs,

  v.

COMPUTER ASSOCIATES
INTERNATIONAL, INC.,

    Defendant.

---

<div align="center">

**NOTICE OF FILING NOTICE OF REMOVAL**

</div>

Please take notice that on August 2, 2004, defendant Computer Associates International, Inc., filed in the United States District Court for the District of Massachusetts its Notice of Removal of this action to the United States District Court. A copy of the Notice of Removal is attached as Exhibit A.

Pursuant to 28 U.S.C. § 1446(d), this notice is hereby provided to the Superior Court of the Commonwealth of Massachusetts, Middlesex County, to effect removal.

    Respectfully submitted,

    COMPUTER ASSOCIATES
    INTERNATIONAL, INC.

    By its attorneys,

    HOLLAND & KNIGHT LLP

    Paul G. Lannon, Jr. (BBO # 563404)
    David J. Santeusanio (BBO # 641270)
    10 St. James Avenue
    Boston, Massachusetts  02116
    (617) 523-2700

**FILED**
IN THE OFFICE OF THE
CLERK OF THE COURTS
AUG 0 2 2004

Dated:  August 2, 2004

*I hereby certify that this document was served upon counsel for all parties in this case on 8/2/04 by Hand/by Mail*

# 2121053

**COPY**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-2494

**04 11701 DPW**

DAVID LENIHAN and JAN LENIHAN,

Plaintiffs,

v.

COMPUTER ASSOCIATES
INTERNATIONAL, INC.,

Defendant.



I HEREBY ATTEST AND CERTIFY ON 8/2/04
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.

CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BY: _____

### NOTICE OF REMOVAL

Computer Associates International, Inc. ("Computer Associates") hereby gives notice

that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, it is removing this action from the

Commonwealth of Massachusetts Superior Court, Middlesex County, to the United States

District Court for the District of Massachusetts. The grounds for removal are set forth below.

1.      Computer Associates is the defendant in a civil action filed by David Lenihan and

Jan Lenihan in the Commonwealth of Massachusetts Superior Court, Middlesex County,

captioned *David Lenihan and Jan Lenihan v. Computer Associates International, Inc.*, Civil

Action No. 04-2494 ("the Pending Action"). The Summons and Complaint in the Pending

Action were served on Computer Associates on July 9, 2004. This Notice, therefore, is timely

filed. *See* 28 U.S.C. § 1446(b).

2.      Computer Associates is a Delaware corporation with its principal place of

business in New York.

3.      Based on information contained in the Complaint, Computer Associates asserts

that David Lenihan and Jan Lenihan are citizens and residents of the Commonwealth of

Massachusetts.

4.    The Complaint concerns David Lenihan's employment with Computer Associates and the termination of his employment. David Lenihan asserts claims for wrongful termination of employment in violation of public policy, breach of contract, intentional interference with contractual relations, intentional deceit, intentional infliction of emotional distress, and breach of covenant of good faith and fair dealing. Jan Lenihan asserts a claim for loss of consortium.

5.    David and Jan Lenihan seek, among other things, commission reimbursement of at least $50,500, *see* Complaint at ¶¶ 17, 21, back pay, front pay, emotional distress damages, compensatory damages, and attorney's fees. Computer Associates has a good faith basis to believe that the alleged damages exceed $75,000, exclusive of interest and costs.

6.    The United States District Court for the District of Massachusetts has diversity jurisdiction over this matter because there is complete diversity of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

7.    Copies of all process, pleadings, and orders served on Computer Associates in the Pending Action are attached to this Notice as Exhibit A.

8.    Pursuant to Local Rule 81.1(a), within thirty (30) days of the date hereunder, Computer Associates will file with this Court certified or attested copies of all records and proceedings in the state court and will file with this Court a certified or attested copy of all docket entries in the state court action.

- 2 -

WHEREFORE, Computer Associates requests that the Pending Action proceed before this Court as an action properly removed.

Respectfully submitted,

COMPUTER ASSOCIATES
INTERNATIONAL, INC.

By its attorneys,

HOLLAND & KNIGHT LLP

Paul G. Lannon, Jr. (BBO # 563404)
David J. Santeusanio (BBO # 641270)
10.St. James Avenue
Boston, Massachusetts  02116
(617) 523-2700

Dated:  August 2, 2004

# 2121086_v2

I hereby certify under the pains and penalties
of perjury that this document was served upon
counsel for all parties in this case on
_____8/2/04_____ by Handley Mail

- 3 -

RECYCLE

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

.......... MIDDLESEX .......... , ss
[seal]

No.    04-2494

David Lenihan, Jan Lenihan........................, Plaintiff(s)

v.

Computer Associates International, Inc.
........................................, Defendant(s)

A TRUE COPY ATTEST

DEPUTY SHERIFF

7/9/0^

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon .... Peter H. Noone ..........................................
.................................................... plaintiff's attorney, whose address is ...... 90 Concord Avenue, .......
.... Belmont, Massachusetts 02478 ...................., an answer to the complaint which is herewith
served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you
fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at .... Cambridge, .............
..... Massachusetts ...................................... either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at ...... Cambridge, Massachusetts ..................................
the ................ 5th ................ day of .................... July ....................
...................., in the year of our Lord ...... 2004 ..................................... .

Edward J Sullivan

Clerk

<div style="writing-mode: vertical">NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.</div>

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                    SUPERIOR COURT
                                                  C.A NO.: *04-2494*

DAVID LENIHAN and JAN LENIHAN,          )
     Plaintiffs                        )
                                        )
v.                                      )
                                        )
COMPUTER ASSOCIATES                     )
INTERNATIONAL, INC.,                    )
     Defendant                         )
                                        )
_____)

## COMPLAINT

## PARTIES

1.  At all material times herein, the Plaintiff, David Lenihan, is an individual residing in Bristol
    County at 1 Fieldstone Circle, Norton, Massachusetts 02766.

2.  At all material times herein, the Plaintiff, Jan Lenihan, an individual, is the wife of Plaintiff,
    David Lenihan, residing in Bristol County at 1 Fieldstone Circle, Norton. Massachusetts 02766.

3.  The Defendant, Computer Associates International, Inc. (hereinafter "Computer Associates"),
    is a Delaware Corporation, having its principal place of business at One Computer Associates
    Plaza, Islandia, New York.

4.  At all material times herein, the Defendant, Computer Associates, maintained a place of
    business located at 100 Staples Drive, Framingham, Middlesex County, Massachusetts.

5.  At all material times herein, the Plaintiff, David Lenihan, was employed as a sales executive by
    the defendant, Computer Associates, in their Framingham Massachusetts office.

6.  At all material times herein, the Plaintiff, David Lenihan, desired to work for Defendant until
    his retirement.

7.  At all material times herein, Sanjay Kumar was the president of Computer Associates.

## GENERAL ALLEGATIONS OF FACT

8.  On or about October 10, 2000 the Plaintiff, David Lenihan, became employed as a sales executive in the Defendant, Computer Associates', Framingham, Massachusetts office.

9.  At all material times, the Plaintiff, David Lenihan, reported to and acted under the supervision of Douglas Surette (hereinafter "Surette"), sales manager.

10. At all material times, Plaintiff, David Lenihan, reported to and acted under the supervision of Daniel Tunnell (hereinafter "Tunnell"), regional sales manager.

11. At all material times, Plaintiff, David Lenihan's salary was based on commission earned from working on various accounts assigned to him by Computer Associates.

12. From approximately March 2001 until June 2001, Plaintiff, David Lenihan, worked on the Putnam Investment account.

13. In June 2001, in connection with work performed on the Putnam Investment account, Plaintiff, David Lenihan, earned and was scheduled to receive $100,000 (one hundred thousand dollars) in commissions.

14. In June 2001, Defendant's sales manager, Surette, and regional manager, Tunnell, ordered Plaintiff, Mr. Lenihan, to share his $100,000 commission from his work on the Putnam Investment Account, with Surette and Tunnell.

15. Plaintiff, David Lenihan, expressed reluctance and apprehension about making the ordered payment.

16. Tunnell threatened Plaintiff, David Lenihan, that if he did not make payment, he would forfeit his commission in total.

17. In July 2001, at the direction of Tunnell and Surette, Plaintiff, David Lenihan, paid Tunnell and Surette a total of $40,000 from his $100,000 commission on the Putnam Investment Account.

18. Plaintiff, David Lenihan, paid the entire tax burden on the $100,000 commission credited to him from the Putnam Investment Account.

19. In July 2001, Plaintiff, David Lenihan, met his quarterly revenue quota entitling him to receive a cash bonus (hereinafter, "quarterly consistency bonus").

20. Tunnell and Surette ordered Plaintiff, David Lenihan, to give two-thirds of his quarterly consistency bonus to Tunnell and Surette.

21. In September 2001, at the direction of Tunnell and Surette, Plaintiff, David Lenihan, paid Tunnell and Surette approximately $10,500 taken from his quarterly consistency bonus.

22. On July 30, 2002, Plaintiff, David Lenihan, notified Computer Associates of the unlawful activity of Tunnell and Surette. The letter detailing the unlawful activity described was sent to the following employees of the Defendant, Computer Associates: Mr. Steven Woghin, Senior Vice President / General Counsel, Mr. Sanjay Kumar, President and Chief Executive Officer; Mr. Stephen Richards, Executive Vice President of Sales; Mr. Adam Feirstein, Regional Manager Human Resources, Ms. Sophie Pibouin, Area Sales Manager, Mr. Douglas Surette, Sales Manager and Ms. Juanita Cox, Employee Relations Specialist.

23. On or about August 1, 2002, Plaintiff, David Lenihan, discovered that based on the information he had reported, the defendant intended to terminate Surette from their employ.

24. On or about August 1, 2002, defendant informed Plaintiff, David Lenihan, they did not intend to terminate him from Computer Associates.

25. On or about August 6, 2002, counsel for Computer Associates scheduled a meeting with Plaintiff, David Lenihan, at his attorney's office in Belmont, Massachusetts to discuss plaintiff's allegations. Defendant's Counsel appeared, as did Mr. Lenihan. After meeting with another Computer Associates' employee, Defendant's counsel then cancelled the scheduled meeting, refused to meet with the plaintiff, and left.

26. On or about August 7, 2002, Plaintiff through counsel confirmed to Computer Associates' counsel that Plaintiff was present for the meeting and had nothing to do with Computer Associates' counsel canceling the meeting.

27. On August 19, 2002, Defendant terminated the Plaintiff, David Lenihan, from their employ.

### COUNT I
### WRONGFUL TERMINATION
### OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY
### DAVID LENIHAN V. COMPUTER ASSOCIATES INTERNATIONAL, INC.

28. The Plaintiffs repeat, reallege, and incorporate herein by reference all of the allegations contained in paragraphs one (1) through twenty-six (26), inclusive, as though fully set forth herein.

29. The Plaintiff, David Lenihan, and the Defendant were parties to an "at will" employment contract. Accordingly this "at will" employment contract included a covenant of good faith and fair dealing. Defendant breached the covenant of good faith and fair dealing by terminating Plaintiff, David Lenihan's, employment in retaliation for Plaintiff, , David Lenihan's, disclosure of the unlawful activity of the Defendant and/or those for whom the Defendant is responsible, cited herein.

30. By the foregoing actions, Computer Associates breached the covenant of good faith and fair dealing and acted in violation of public policy by terminating the employment of the Plaintiff, David Lenihan.

31. When terminated from his position in August of 2002, Plaintiff, David Lenihan, had intended to work for Computer Associates until retirement.

32. As result of the Defendant's wrongful acts, the Plaintiff, David Lenihan, has suffered and continues to suffer substantial loss of earnings, loss of employment benefits, and other incidental financial losses in an amount to be proven at trial.

33. As a result of the Defendant's wrongful acts, Plaintiff, David Lenihan, has suffered and continues to suffer loss of pay, humiliation, embarrassment, damage to reputation, emotional distress, headaches, sleeplessness, and anxiety.

**WHEREFORE**, Plaintiff, David Lenihan, demands judgment against the Defendant including back pay, front pay, compensatory damages, compensation for the damage to his reputation together with interest thereon, costs, attorney's fees and whatever other relief the Court deems just and appropriate.

### COUNT TWO
### BREACH OF EXPRESS AND IMPLIED IN FACT CONTRACT
### DAVID LENIHAN V. COMPUTER ASSOCIATES INTERNATIONAL, INC.

34. The Plaintiffs repeat, reallege, and incorporates herein by reference all of the allegations contained in paragraphs one (1) through thirty two (32), inclusive, as though fully set forth herein.

35. The Plaintiff, David Lenihan, and the Defendant were parties to an "at will" employment contract. Said contract included covenants of good faith and fair dealing.

36. During the entirety of Plaintiff, David Lenihan's, employment with Computer Associates there existed an expressed and an implied employment contract between the Plaintiff, David Lenihan, and Computer Associates which included in part, the following terms and conditions:

5

a. Plaintiff, David Lenihan, would be able to continue his employment with Defendant, Computer Associates, indefinitely so long as he carried out his duties in a proper and competent manner.

b. Plaintiff, David Lenihan, would not be demoted, discharged or otherwise disciplined, nor would Plaintiff's job functions be reassigned for other than good cause with notice thereof.

c. Defendant would not evaluate Mr. Lenihan's performance in an arbitrary, untrue, or capricious manner.

d. Defendant would not use a pretext to terminate Mr. Lenihan's employment either directly or by means of coerced resignation or constructive discharge.

37. This totality of the employment contract between Plaintiff, David Lenihan, and Defendant is comprised of written documents between the parties; Defendant's oral representations to Mr. Lenihan; representations made by Defendant's agent's and Defendant's employees' to Mr. Lenihan, and by the parties course of dealing with one another.

38. The employment contract between the parties included, but was not limited to the following:

a. (1) the written personnel policies of Defendant, Computer Associates; (2) correspondence from agents and employees of Defendant, Computer Associates to Plaintiff, David Lenihan.

b. Computer Associates' policy, relied upon by the Plaintiff, David Lenihan, in his employment with Defendant, that an employee such as Mr. Lenihan who performed services as a good and faithful employee would continue employment with Defendant unless discharged for good and sufficient cause.

c. Throughout Plaintiff, David Lenihan's, employment, Computer Associates' management represented to.him, orally and in writing, that he was doing a satisfactory job. Mr. Lenihan relied upon Defendant's representations as evidence of his satisfactory performance.

39. Plaintiff, David Lenihan, reasonably relied on the Defendant's assurances, promises and representations provided to him throughout his employment that his performance was acceptable. Accordingly, based on Defendant's representations, Plaintiff, David Lenihan, reasonably believed his employment was secure; that there existed a contract of continuous employment with Defendant; that he could be terminated only for good cause with adequate notice; and that a pretext would not be used to terminate the Plaintiff's employment.

40. In consideration of the assurances, promises and representations made by Defendant, the Plaintiff, David Lenihan, undertook continued employment with Defendant, and at all times complied with his duties under the employment contract.

41. Defendant breached its obligations under the terms of the contract by terminating the Mr. Lenihan's employment on the basis of pretext.

41. Plaintiff, David Lenihan, states the true reason Defendant terminated his employment was in retaliation for his disclosures of violations of law, abuse of authority, and gross mismanagement.

42. The Defendant further breached the covenant of good faith and fair dealing by terminating the Plaintiff, David Lenihan's, employment without conducting a reasonable investigation into its obligations under said employment contract; for reasons extraneous to the contract; for the purpose of frustrating Mr. Lenihan's employment of the benefits of the contract; by terminating Mr. Lenihan's employment without good cause, and for reasons that have nothing to do with a legitimate business justification; and by using pretext to rid themselves of Mr. Lenihan so as to prevent discovery and disclosure of their illegal actions.

42. When terminated from his position in August of 2002, Plaintiff, David Lenihan, had intended to work for Defendant, Computer Associates, until retirement.

43. As a result of the Defendant's wrongful acts, the Plaintiff, David Lenihan, has suffered and continues to suffer substantial loss of earnings, loss of employment benefits, and other incidental financial losses in an amount to be proven at trial.

44. As a result of the Defendant's wrongful acts, Plaintiff, David Lenihan, has suffered and continues to suffer loss of pay, humiliation, embarrassment, damage to reputation, emotional distress, headaches, sleeplessness, and anxiety.

**WHEREFORE**, Plaintiff, David Lenihan, demands judgment against the Defendant including back pay, front pay, compensatory damages, compensation for the damage to his reputation together with interest thereon, costs, attorney's fees and whatever other relief the Court deems just and appropriate.

<div align="center">

**COUNT THREE**
**INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**
**DAVID LENIHAN V. COMPUTER ASSOCIATES INTERNATIONAL, INC.**

</div>

45. The Plaintiffs repeat, reallege, and incorporate herein by reference all of the allegations contained in paragraphs one (1) through forty three (43), inclusive, as though fully set forth herein.

46. The Plaintiff, David Lenihan, had a contract of employment with Computer Associates where he was employed as a sales executive and desired to work until his retirement.

47. The Plaintiff, David Lenihan, was terminated from his position with Defendant for making disclosures of violations of law, abuse of authority, and gross mismanagement.

48. When terminated from his position in August of 2002, Plaintiff, David Lenihan, had intended to work for Defendant, Computer Associates, until retirement.

49. As a result of the Defendant's wrongful acts, the Plaintiff, David Lenihan, has suffered and continues to suffer substantial loss of earnings, loss of employment benefits, and other incidental financial losses in an amount to be proven at trial.

50. As a result of the Defendant's wrongful acts, Plaintiff, David Lenihan, has suffered and continues to suffer loss of pay, humiliation, embarrassment, damage to reputation, emotional distress, headaches, sleeplessness, and anxiety.

**WHEREFORE**, Plaintiff, David Lenihan, demands judgment against the Defendant including back pay, front pay, compensatory damages, compensation for the damage to his reputation together with interest thereon, costs, attorney's fees and whatever other relief the Court deems just and appropriate.

### COUNT FOUR
### LOSS OF CONSORTIUM
### JAN LENIHAN V. COMPUTER ASSOCIATES, INTERNATIONAL, INC.

51. The Plaintiffs repeat, reallege, and incorporate herein by reference all of the allegations contained in paragraphs one (1) through fifty (50), inclusive, as though fully set forth herein.

52. As a result of the Defendant's actions herein, the Plaintiff, Jan Lenihan, has suffered the loss of consortium of her husband, David Lenihan, and has suffered by witnessing his embarrassment, loss of stature in his professional community, the stress placed on him, his inability to sleep normally, his change in temperament and by the loss normal comfort and support.

**WHEREFORE**, Plaintiff, Jan Lenihan, demands judgment against the Defendant including back pay, front pay, compensatory damages, compensation for the damage to his reputation together with interest thereon, costs, attorney's fees and whatever other relief the Court deems just and appropriate.

## COUNT FIVE
## INTENTIONAL DECEIT
## DAVID LENIHAN V. COMPUTER ASSOCIATES INTERNATIONAL, INC.

53. The Plaintiffs repeat, reallege, and incorporate herein by reference all of the allegations contained in paragraphs one (1) through fifty one (51), inclusive, as though fully set forth herein.

54. Defendant, by and through its agents, servants, or employees, Tunnell and Surette, fraudulently ordered Plaintiff, David Lenihan, to pay to Tunnell and Surette a portion of the commission owed by Defendant to Plaintiff, David Lenihan.

55. Defendant, by and through its agents, servants, or employees, Tunnell and Surette, fraudulently ordered Plaintiff, David Lenihan, to give two thirds of his quarterly consistency bonus to Surette and Tunnell.

56. Defendant, Computer Associates, fraudulently told the Plaintiff, David Lenihan, that he was required to pay Tunnell and Surette a portion of his commission and quarterly consistency bonus.

57. Defendant, Computer Associates, and those acting on its behalf knew that the Plaintiff, David Lenihan, was not required to give part of his commission or his quarterly consistency bonus to Tunnell and Surette.

58. In reasonable reliance on Defendant Computer Associates' false representations that the Plaintiff, David Lenihan, was required to pay a portion of his commission and quarterly consistency bonus to Tunnell and Surette, Plaintiff, David Lenihan, paid in excess of $55,000 to Tunnell and Surette.

59. As a result of the Defendant's wrongful acts, Plaintiff, David Lenihan, has suffered and continues to suffer loss of money earned, humiliation, embarrassment, emotional distress, headaches, sleeplessness, and anxiety.

**WHEREFORE**, Plaintiff, David Lenihan, demands judgment against the Defendant including back pay, front pay, compensatory damages, compensation for the damage to his reputation together with interest thereon, costs attorney's fees and whatever other relief the Court deems just and appropriate.

### COUNT SIX
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### DAVID LENIHAN V. COMPUTER ASSOCIATES INTERNATIONAL, INC.

60. The Plaintiffs repeat, reallege, and incorporate herein by reference all of the allegations contained in paragraphs one (1) through fifty eight (58), inclusive, as though fully set forth herein.

61. The Defendant, Computer Associates, caused the Plaintiff, David Lenihan, to suffer severe emotional distress by doing the following:

    a.  Wrongfully terminating the Plaintiff because of his refusal to go along with Defendant's illegal action.

    b.  Misrepresenting that the Plaintiff owed commission and ordering him to divest himself of his quarterly consistency bonus.

62. The conduct set forth hereinabove was extreme and outrageous. Said conduct was intended to cause severe emotional distress, or was done in conscious disregard of the probability of causing such distress. In particular, Defendant engaged in an intentional and dishonest course of conduct to create a pre-textual reason for terminating Mr. Lenihan's employment, when the real reason for the Plaintiff's termination was his objection to the Defendant's improper conduct.

63. The foregoing conduct did in fact cause the Plaintiff, David Lenihan, to suffer emotional distress. As a proximate result of said conduct, the Plaintiff, David Lenihan, suffered and continues to suffer pain, discomfort, anxiety, sleeplessness, uneasiness, grief and emotional distress.

64. The acts of the Defendant were carried out by the Defendant in a fraudulent, deliberate, egregious and inexcusable manner in order to injure and damage the Plaintiff, David Lenihan, thereby justifying an award to Plaintiff of exemplary damages in a sum appropriate to punish and make an example of Defendant.

WHEREFORE, Plaintiff, David Lenihan, demands judgment against the Defendant and back pay, front pay, compensatory damages, compensation for the damage to his reputation, punitive damages, reasonable attorney's fee together with interest thereon, his costs and whatever other relief the Court deems just and appropriate.

### COUNT SEVEN
### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### DAVID LENIHAN V. COMPUTER ASSOCIATES INTERNATIONAL, INC.

65. The Plaintiffs repeat, reallege, and incorporate herein by reference all of the allegations contained in paragraphs one (1) through sixty three (63), inclusive, as though fully set forth herein.

66. Plaintiff, David Lenihan, and Defendant were parties to an employment contract. Said contract included a covenant of good faith and fair dealing.

67. The covenant of good faith and fair dealing was breached by the termination of the Plaintiff, David Lenihan's employment in that said termination was:

a. designed and intended to prevent disclosure of Defendant's illegal actions in dealing with customers;

12

b.  designed and intended to prevent the Plaintiff from disclosing Defendant's illegal actions in taking Plaintiff's commission and converting it to its use;

c.  designed and intended to avoid legal liability for the Defendant's illegal action;

d.  in violation of public policy in that it was done in retaliation against the Plaintiff for reporting such illegal activity to various company officials; and

e.  unjustly enriched Defendant by depriving the Plaintiff of compensation and benefits earned by Plaintiff's work.

68. By the forgoing actions, Computer Associates acted in violation of public policy and breached its covenant of good faith and fair dealing, and the Plaintiff, David Lenihan, suffered damage as a result.

69. As a result of the Defendant's wrongful acts, Plaintiff, David Lenihan, has suffered and continues to suffer loss of earning and employment benefits, humiliation. embarrassment, emotional distress, headaches, sleeplessness, and anxiety.

WHEREFORE, Plaintiff, David Lenihan, demands judgment against the Defendant and back pay, front pay, compensatory damages, compensation for the damage to his reputation, together with interest thereon, his costs and whatever other relief the Court deems just and appropriate.


### JURY CLAIM

The Plaintiffs claim a trial by jury on all issues.

Respectfully submitted,
DAVID LENIHAN and JAN LENIHAN
By their Attorneys,
AVERY DOOLEY POST & AVERY, LLP

Peter H. Noone
BBO #631341
90 Concord Avenue
Belmont, MA 02478
(617) 489-5300

Dated:  _____June 18, 2004_____

13

# COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, SS.**                                              **SUPERIOR COURT**
                                                               **C.A NO.:**

DAVID LENIHAN and JAN LENIHAN,          )
    Plaintiffs                              )                    04-2494
                                        )
v.                                      )
                                        )
COMPUTER ASSOCIATES                     )
INTERNATIONAL, INC.,                    )
    Defendant                               )
                                        )
                                        )
_____     )

**FILED**
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR ... OF MIDDLESEX

**JUN 2 1 2004**

CLERK

## COMPLAINT

### PARTIES

1.  At all material times herein, the Plaintiff, David Lenihan, is an individual residing in Bristol County at 1 Fieldstone Circle, Norton, Massachusetts 02766.

2.  At all material times herein, the Plaintiff, Jan Lenihan, an individual, is the wife of Plaintiff, David Lenihan, residing in Bristol County at 1 Fieldstone Circle, Norton, Massachusetts 02766.

3.  The Defendant, Computer Associates International, Inc. (hereinafter "Computer Associates"), is a Delaware Corporation, having its principal place of business at One Computer Associates Plaza, Islandia, New York.

4.  At all material times herein, the Defendant, Computer Associates, maintained a place of business located at 100 Staples Drive, Framingham, Middlesex County, Massachusetts.

5.  At all material times herein, the Plaintiff, David Lenihan, was employed as a sales executive by the defendant, Computer Associates, in their Framingham Massachusetts office.

6.  At all material times herein, the Plaintiff, David Lenihan, desired to work for Defendant until his retirement.

```
06/21/04 10:33H0000 8451 CLERK E
                      CG      240.00
CIVIL                 480.00
SURCHARGE              15.00
SUMMONS                 5.00
SECC                   20.00
042494  #
SUBTTL                520.00
TOTAL  520.00
CHECK                 520.00
```

7. At all material times herein, Sanjay Kumar was the president of Computer Associates.

## GENERAL ALLEGATIONS OF FACT

8. On or about October 10, 2000 the Plaintiff, David Lenihan, became employed as a sales executive in the Defendant, Computer Associates', Framingham, Massachusetts office.

9. At all material times, the Plaintiff, David Lenihan, reported to and acted under the supervision of Douglas Surette (hereinafter "Surette"), sales manager.

10. At all material times, Plaintiff, David Lenihan, reported to and acted under the supervision of Daniel Tunnell (hereinafter "Tunnell"), regional sales manager.

11. At all material times, Plaintiff, David Lenihan's salary was based on commission earned from working on various accounts assigned to him by Computer Associates.

12. From approximately March 2001 until June 2001, Plaintiff, David Lenihan, worked on the Putnam Investment account.

13. In June 2001, in connection with work performed on the Putnam Investment account, Plaintiff, David Lenihan, earned and was scheduled to receive $100,000 (one hundred thousand dollars) in commissions.

14. In June 2001, Defendant's sales manager, Surette, and regional manager, Tunnell, ordered Plaintiff, Mr. Lenihan, to share his $100,000 commission from his work on the Putnam Investment Account, with Surette and Tunnell.

15. Plaintiff, David Lenihan, expressed reluctance and apprehension about making the ordered payment.

2

16. Tunnell threatened Plaintiff, David Lenihan, that if he did not make payment, he would forfeit his commission in total.

17. In July 2001, at the direction of Tunnell and Surette, Plaintiff, David Lenihan, paid Tunnell and Surette a total of $40,000 from his $100,000 commission on the Putnam Investment Account.

18. Plaintiff, David Lenihan, paid the entire tax burden on the $100,000 commission credited to him from the Putnam Investment Account.

19. In July 2001, Plaintiff, David Lenihan, met his quarterly revenue quota entitling him to receive a cash bonus (hereinafter, "quarterly consistency bonus").

20. Tunnell and Surette ordered Plaintiff, David Lenihan, to give two-thirds of his quarterly consistency bonus to Tunnell and Surette.

21. In September 2001, at the direction of Tunnell and Surette, Plaintiff, David Lenihan, paid Tunnell and Surette approximately $10,500 taken from his quarterly consistency bonus.

22. On July 30, 2002, Plaintiff, David Lenihan, notified Computer Associates of the unlawful activity of Tunnell and Surette.  The letter detailing the unlawful activity described was sent to the following employees of the Defendant, Computer Associates: Mr. Steven Woghin, Senior Vice President / General Counsel, Mr. Sanjay Kumar, President and Chief Executive Officer; Mr. Stephen Richards, Executive Vice President of Sales; Mr. Adam Feirstein, Regional Manager Human Resources, Ms. Sophie Pibouin, Area Sales Manager, Mr. Douglas Surette, Sales Manager and Ms. Juanita Cox, Employee Relations Specialist.

23. On or about August 1, 2002, Plaintiff, David Lenihan, discovered that based on the information he had reported, the defendant intended to terminate Surette from their employ.

24. On or about August 1, 2002, defendant informed Plaintiff, David Lenihan, they did not intend to terminate him from Computer Associates.

25. On or about August 6, 2002, counsel for Computer Associates scheduled a meeting with Plaintiff, David Lenihan, at his attorney's office in Belmont, Massachusetts to discuss plaintiff's allegations. Defendant's Counsel appeared, as did Mr. Lenihan. After meeting with another Computer Associates' employee, Defendant's counsel then cancelled the scheduled meeting, refused to meet with the plaintiff, and left.

26. On or about August 7, 2002, Plaintiff through counsel confirmed to Computer Associates' counsel that Plaintiff was present for the meeting and had nothing to do with Computer Associates' counsel canceling the meeting.

27. On August 19, 2002, Defendant terminated the Plaintiff, David Lenihan, from their employ.

### COUNT I
### WRONGFUL TERMINATION
### OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY
### DAVID LENIHAN V. COMPUTER ASSOCIATES INTERNATIONAL, INC.

28. The Plaintiffs repeat, reallege, and incorporate herein by reference all of the allegations contained in paragraphs one (1) through twenty-six (26), inclusive, as though fully set forth herein.

29. The Plaintiff, David Lenihan, and the Defendant were parties to an "at will" employment contract. Accordingly this "at will" employment contract included a covenant of good faith and fair dealing. Defendant breached the covenant of good faith and fair dealing by terminating Plaintiff, David Lenihan's, employment in retaliation for Plaintiff, , David Lenihan's, disclosure of the unlawful activity of the Defendant and/or those for whom the Defendant is responsible, cited herein.

30. By the foregoing actions, Computer Associates breached the covenant of good faith and fair dealing and acted in violation of public policy by terminating the employment of the Plaintiff, David Lenihan.

4

31. When terminated from his position in August of 2002, Plaintiff, David Lenihan, had intended to work for Computer Associates until retirement.

32. As result of the Defendant's wrongful acts, the Plaintiff, David Lenihan, has suffered and continues to suffer substantial loss of earnings, loss of employment benefits, and other incidental financial losses in an amount to be proven at trial.

33. As a result of the Defendant's wrongful acts, Plaintiff, David Lenihan, has suffered and continues to suffer loss of pay, humiliation, embarrassment, damage to reputation, emotional distress, headaches, sleeplessness, and anxiety.

**WHEREFORE**, Plaintiff, David Lenihan, demands judgment against the Defendant including back pay, front pay, compensatory damages, compensation for the damage to his reputation together with interest thereon, costs, attorney's fees and whatever other relief the Court deems just and appropriate.

## COUNT TWO
## BREACH OF EXPRESS AND IMPLIED IN FACT CONTRACT
## DAVID LENIHAN V. COMPUTER ASSOCIATES INTERNATIONAL, INC.

34. The Plaintiffs repeat, reallege, and incorporates herein by reference all of the allegations contained in paragraphs one (1) through thirty two (32), inclusive, as though fully set forth herein.

35. The Plaintiff, David Lenihan, and the Defendant were parties to an "at will" employment contract. Said contract included covenants of good faith and fair dealing.

36. During the entirety of Plaintiff, David Lenihan's, employment with Computer Associates there existed an expressed and an implied employment contract between the Plaintiff, David Lenihan, and Computer Associates which included in part, the following terms and conditions:

a. Plaintiff, David Lenihan, would be able to continue his employment with Defendant, Computer Associates, indefinitely so long as he carried out his duties in a proper and competent manner.

b. Plaintiff, David Lenihan, would not be demoted, discharged or otherwise disciplined, nor would Plaintiff's job functions be reassigned for other than good cause with notice thereof.

c. Defendant would not evaluate Mr. Lenihan's performance in an arbitrary, untrue, or capricious manner.

d. Defendant would not use a pretext to terminate Mr. Lenihan's employment either directly or by means of coerced resignation or constructive discharge.

37. This totality of the employment contract between Plaintiff, David Lenihan, and Defendant is comprised of written documents between the parties; Defendant's oral representations to Mr. Lenihan; representations made by Defendant's agent's and Defendant's employees' to Mr. Lenihan, and by the parties course of dealing with one another.

38. The employment contract between the parties included, but was not limited to the following:

a. (1) the written personnel policies of Defendant, Computer Associates; (2) correspondence from agents and employees of Defendant, Computer Associates to Plaintiff, David Lenihan.

b. Computer Associates' policy, relied upon by the Plaintiff, David Lenihan, in his employment with Defendant, that an employee such as Mr. Lenihan who performed services as a good and faithful employee would continue employment with Defendant unless discharged for good and sufficient cause.

c. Throughout Plaintiff, David Lenihan's, employment, Computer Associates' management represented to him, orally and in writing, that he was doing a satisfactory job. Mr. Lenihan relied upon Defendant's representations as evidence of his satisfactory performance.

6

39. Plaintiff, David Lenihan, reasonably relied on the Defendant's assurances, promises and representations provided to him throughout his employment that his performance was acceptable. Accordingly, based on Defendant's representations, Plaintiff, David Lenihan, reasonably believed his employment was secure; that there existed a contract of continuous employment with Defendant; that he could be terminated only for good cause with adequate notice; and that a pretext would not be used to terminate the Plaintiff's employment.

40. In consideration of the assurances, promises and representations made by Defendant, the Plaintiff, David Lenihan, undertook continued employment with Defendant, and at all times complied with his duties under the employment contract.

41. Defendant breached its obligations under the terms of the contract by terminating the Mr. Lenihan's employment on the basis of pretext.

41. Plaintiff, David Lenihan, states the true reason Defendant terminated his employment was in retaliation for his disclosures of violations of law, abuse of authority, and gross mismanagement.

42. The Defendant further breached the covenant of good faith and fair dealing by terminating the Plaintiff, David Lenihan's, employment without conducting a reasonable investigation into its obligations under said employment contract; for reasons extraneous to the contract; for the purpose of frustrating Mr. Lenihan's employment of the benefits of the contract; by terminating Mr. Lenihan's employment without good cause, and for reasons that have nothing to do with a legitimate business justification; and by using pretext to rid themselves of Mr. Lenihan so as to prevent discovery and disclosure of their illegal actions.

42. When terminated from his position in August of 2002, Plaintiff, David Lenihan, had intended to work for Defendant, Computer Associates, until retirement.

7

43. As a result of the Defendant's wrongful acts, the Plaintiff, David Lenihan, has suffered and continues to suffer substantial loss of earnings, loss of employment benefits, and other incidental financial losses in an amount to be proven at trial.

44. As a result of the Defendant's wrongful acts, Plaintiff, David Lenihan, has suffered and continues to suffer loss of pay, humiliation, embarrassment, damage to reputation, emotional distress, headaches, sleeplessness, and anxiety.

**WHEREFORE**, Plaintiff, David Lenihan, demands judgment against the Defendant including back pay, front pay, compensatory damages, compensation for the damage to his reputation together with interest thereon, costs, attorney's fees and whatever other relief the Court deems just and appropriate.

## COUNT THREE
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS
## DAVID LENIHAN V. COMPUTER ASSOCIATES INTERNATIONAL, INC.

45. The Plaintiffs repeat, reallege, and incorporate herein by reference all of the allegations contained in paragraphs one (1) through forty three (43), inclusive, as though fully set forth herein.

46. The Plaintiff, David Lenihan, had a contract of employment with Computer Associates where he was employed as a sales executive and desired to work until his retirement.

47. The Plaintiff, David Lenihan, was terminated from his position with Defendant for making disclosures of violations of law, abuse of authority, and gross mismanagement.

48. When terminated from his position in August of 2002, Plaintiff, David Lenihan, had intended to work for Defendant, Computer Associates, until retirement.

49. As a result of the Defendant's wrongful acts, the Plaintiff, David Lenihan, has suffered and continues to suffer substantial loss of earnings, loss of employment benefits, and other incidental financial losses in an amount to be proven at trial.

50. As a result of the Defendant's wrongful acts, Plaintiff, David Lenihan, has suffered and continues to suffer loss of pay, humiliation, embarrassment, damage to reputation, emotional distress, headaches, sleeplessness, and anxiety.

**WHEREFORE**, Plaintiff, David Lenihan, demands judgment against the Defendant including back pay, front pay, compensatory damages, compensation for the damage to his reputation together with interest thereon, costs, attorney's fees and whatever other relief the Court deems just and appropriate.

## COUNT FOUR
## LOSS OF CONSORTIUM
## JAN LENIHAN V. COMPUTER ASSOCIATES, INTERNATIONAL, INC.

51. The Plaintiffs repeat, reallege, and incorporate herein by reference all of the allegations contained in paragraphs one (1) through fifty (50), inclusive, as though fully set forth herein.

52. As a result of the Defendant's actions herein, the Plaintiff, Jan Lenihan, has suffered the loss of consortium of her husband, David Lenihan, and has suffered by witnessing his embarrassment, loss of stature in his professional community, the stress placed on him, his inability to sleep normally, his change in temperament and by the loss normal comfort and support.

**WHEREFORE**, Plaintiff, Jan Lenihan, demands judgment against the Defendant including back pay, front pay, compensatory damages, compensation for the damage to his reputation together with interest thereon, costs, attorney's fees and whatever other relief the Court deems just and appropriate.

## COUNT FIVE
## INTENTIONAL DECEIT
## <u>DAVID LENIHAN V. COMPUTER ASSOCIATES INTERNATIONAL, INC.</u>

53. The Plaintiffs repeat, reallege, and incorporate herein by reference all of the allegations contained in paragraphs one (1) through fifty one (51), inclusive, as though fully set forth herein.

54. Defendant, by and through its agents, servants, or employees, Tunnell and Surette, fraudulently ordered Plaintiff , David Lenihan, to pay to Tunnell and Surette a portion of the commission owed by Defendant to Plaintiff, David Lenihan.

55. Defendant, by and through its agents, servants, or employees, Tunnell and Surette, fraudulently ordered Plaintiff, David Lenihan, to give two thirds of his quarterly consistency bonus to Surette and Tunnell.

56. Defendant, Computer Associates, fraudulently told the Plaintiff, David Lenihan, that he was required to pay Tunnell and Surette a portion of his commission and quarterly consistency bonus.

57. Defendant, Computer Associates, and those acting on its behalf knew that the Plaintiff, David Lenihan, was not required to give part of his commission or his quarterly consistency bonus to Tunnell and Surette.

58. In reasonable reliance on Defendant Computer Associates' false representations that the Plaintiff, David Lenihan, was required to pay a portion of his commission and quarterly consistency bonus to Tunnell and Surette, Plaintiff, David Lenihan, paid in excess of $55,000 to Tunnell and Surette.

59. As a result of the Defendant's wrongful acts, Plaintiff, David Lenihan, has suffered and continues to suffer loss of money earned, humiliation, embarrassment, emotional distress, headaches, sleeplessness, and anxiety.

10

**WHEREFORE**, Plaintiff, David Lenihan, demands judgment against the Defendant including back pay, front pay, compensatory damages, compensation for the damage to his reputation together with interest thereon, costs attorney's fees and whatever other relief the Court deems just and appropriate.

## COUNT SIX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## DAVID LENIHAN V. COMPUTER ASSOCIATES INTERNATIONAL, INC.

60. The Plaintiffs repeat, reallege, and incorporate herein by reference all of the allegations contained in paragraphs one (1) through fifty eight (58), inclusive, as though fully set forth herein.

61. The Defendant, Computer Associates, caused the Plaintiff, David Lenihan, to suffer severe emotional distress by doing the following:

   a.  Wrongfully terminating the Plaintiff because of his refusal to go along with Defendant's illegal action.

   b.  Misrepresenting that the Plaintiff owed commission and ordering him to divest himself of his quarterly consistency bonus.

62. The conduct set forth hereinabove was extreme and outrageous.  Said conduct was intended to cause severe emotional distress, or was done in conscious disregard of the probability of causing such distress.  In particular, Defendant engaged in an intentional and dishonest course of conduct to create a pre-textual reason for terminating Mr. Lenihan's employment, when the real reason for the Plaintiff's termination was his objection to the Defendant's improper conduct.

11

63. The foregoing conduct did in fact cause the Plaintiff, David Lenihan, to suffer emotional distress. As a proximate result of said conduct, the Plaintiff, David Lenihan, suffered and continues to suffer pain, discomfort, anxiety, sleeplessness, uneasiness, grief and emotional distress.

64. The acts of the Defendant were carried out by the Defendant in a fraudulent, deliberate, egregious and inexcusable manner in order to injure and damage the Plaintiff, David Lenihan, thereby justifying an award to Plaintiff of exemplary damages in a sum appropriate to punish and make an example of Defendant.

WHEREFORE, Plaintiff, David Lenihan, demands judgment against the Defendant and back pay, front pay, compensatory damages, compensation for the damage to his reputation, punitive damages, reasonable attorney's fee together with interest thereon, his costs and whatever other relief the Court deems just and appropriate.

<div align="center">

**COUNT SEVEN**
**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**
**DAVID LENIHAN V. COMPUTER ASSOCIATES INTERNATIONAL, INC.**

</div>

65. The Plaintiffs repeat, reallege, and incorporate herein by reference all of the allegations contained in paragraphs one (1) through sixty three (63), inclusive, as though fully set forth herein.

66. Plaintiff, David Lenihan, and Defendant were parties to an employment contract. Said contract included a covenant of good faith and fair dealing.

67. The covenant of good faith and fair dealing was breached by the termination of the Plaintiff, David Lenihan's employment in that said termination was:

a.  designed and intended to prevent disclosure of Defendant's illegal actions in dealing with customers;

b. designed and intended to prevent the Plaintiff from disclosing Defendant's illegal actions in taking Plaintiff's commission and converting it to its use;

c. designed and intended to avoid legal liability for the Defendant's illegal action;

d. in violation of public policy in that it was done in retaliation against the Plaintiff for reporting such illegal activity to various company officials; and

e. unjustly enriched Defendant by depriving the Plaintiff of compensation and benefits earned by Plaintiff's work.

68. By the forgoing actions, Computer Associates acted in violation of public policy and breached its covenant of good faith and fair dealing, and the Plaintiff, David Lenihan, suffered damage as a result.

69. As a result of the Defendant's wrongful acts, Plaintiff, David Lenihan, has suffered and continues to suffer loss of earning and employment benefits, humiliation, embarrassment, emotional distress, headaches, sleeplessness, and anxiety.

WHEREFORE, Plaintiff, David Lenihan, demands judgment against the Defendant and back pay, front pay, compensatory damages, compensation for the damage to his reputation, together with interest thereon, his costs and whatever other relief the Court deems just and appropriate.

## JURY CLAIM

The Plaintiffs claim a trial by jury on all issues.

<div style="text-align: right">

Respectfully submitted,
DAVID LENIHAN and JAN LENIHAN
By their Attorneys,
AVERY DOOLEY POST & AVERY, LLP

Peter H. Noone
BBO #631341
90 Concord Avenue
Belmont, MA 02478
(617) 489-5300

</div>

Dated:      June 18, 2004

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 04-2494 | Trial Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|

| PLAINTIFF(S) DAVID LENIHAN, JAN LENIHAN | DEFENDANT(S) COMPUTER ASSOCIATES INTERNATIONAL, INC. |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Peter H. Noone, AVERY DOOLEY POST & AVERY, LLP 90 Concord Ave., Belmont, MA 02478 (617) 489-5300 Board of Bar Overseers number: 631341 | ATTORNEY (If known) |
|---|---|

## Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint

[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)

[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)

[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)

[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify)   TRACK | IS THIS A JURY CASE? |
|---|---|---|
| A99; B99 | Breach of employment contract Wrongful Termination   ( F ) | ( X ) Yes   ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
### (Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .

FILED IN THE OFFICE OF THE CLERK OF THE COURTS MIDDLESEX JUN 2 1 2004 CLERK

Subtotal $ . . . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . . . . . $ 130,000
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . $ N/A
D. Reasonably anticipated future medical and hospital expenses . . . . . . $ N/A
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . $ 70,000
F. Other documented items of damages (describe)
   Loss of commission; loss of bonus     $ 110,000
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   Loss of employment; lost wages; back pay; front pay; pain and suffering; damage to reputation; loss of consortium; consequential damages; loss of bonuses; loss of commissions

   $ . . . . . . . . . .
   TOTAL $ 310,000 . . . . . . . . .

### CONTRACT CLAIMS
### (Attach additional sheets as necessary)

Provide a detailed description of claim(s):

   Plaintiff was wrongfully terminated; plaintiff was terminated in violation of public policy; employer breached covenant of good faith and fair dealing; employer terminated employment without cause and in violation of law and public policy; as a result, plaintiff has suffered loss of pay; loss of job opportunities; loss of future pay.

   TOTAL $ 310,000 . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _Peter H. Noone_     DATE: _June 18, 2004_

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

**Commonwealth of Massachusetts**
## MIDDLESEX SUPERIOR COURT
### Case Summary
### Civil Docket

## MICV2004-02494
## Lenihan et al v Computer Associates International, Inc.

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 06/21/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 08/02/2004 | **Session** | E - Cv E (7B Cambridge) | | |
| **Origin** | 1 | **Case Type** | A99 - Misc contract | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 09/19/2004 | **Answer** | 11/18/2004 | **Rule12/19/20** | 11/18/2004 |
| **Rule 15** | 11/18/2004 | **Discovery** | 04/17/2005 | **Rule 56** | 05/17/2005 |
| **Final PTC** | 06/16/2005 | **Disposition** | 08/15/2005 | **Jury Trial** | Yes |

| | |
|---|---|
| **Plaintiff**<br>David Lenihan<br>1 Fieldstone Circle<br>Norton, MA 02766<br>Active 06/21/2004 | **Private Counsel 631341**<br>Peter H Noone<br>Avery Dooley Post & Avery<br>90 Concord Avenue<br>Belmont, MA 02478<br>Phone: 617-489-5300<br>Fax: 617-489-0085<br>Active 06/21/2004 Notify |
| **Plaintiff**<br>Jan Lenihan<br>Active 06/21/2004 | *** See Attorney Information Above *** |
| **Defendant**<br>Computer Associates International, Inc.<br>One Computer Associates Plaza<br>Service pending 06/21/2004 | **Private Counsel 563404**<br>Paul G Lannon Jr<br>Holland & Knight<br>10 Saint James Avenue<br>11th Floor<br>Boston, MA 02116<br>Phone: 617-523-2700<br>Fax: 617-523-6850<br>Active 08/02/2004 Notify |
| | **Private Counsel 641270**<br>David J Santeusanio<br>Holland & Knight<br>10 St James Avenue<br>11th Floor<br>Boston, MA 02116<br>Phone: 617-854-1490<br>Fax: 617-523-6850<br>Active 08/02/2004 Notify |

| Date | Paper | Text |
|---|---|---|
| 06/21/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 06/21/2004 | | Origin 1, Type A99, Track F. |

case01 196265 y y y n n

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## MICV2004-02494
### Lenihan et al v Computer Associates International, Inc.

| Date | Paper | Text |
|------|-------|------|
| 08/02/2004 | 2.0 | Case REMOVED this date to US District Court of Massachusetts by deft |
|  |  | Computer Associates International, Inc |
| 08/02/2004 |  | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT COURT |