

# COMPUTER ASSOCIATES INTERNATIONAL, INC.
# EMPLOYMENT AND CONFIDENTIALITY AGREEMENT

In consideration of employment by Computer Associates International, Inc. (the "Company") of the undersigned employee ("Employee"), it is understood and agreed as follows:

1. **Employee Work Standards.** Employee will (a) serve the Company (and such of its subsidiary or parent companies as the Company may designate) faithfully, diligently and to the best of Employee's ability under the direction of the officers of the Company, (b) in the course of employment, devote his or her best efforts and substantially his or her entire time, attention and energy to the performance of his or her duties to the Company and (c) not do anything inconsistent with Employee's duties to the Company.

2. **Laws; Other Agreements.** Employee represents that Employee's employment by the Company will not violate any law or duty by which he or she is bound, and will not conflict with or violate any agreement or instrument to which Employee is a party or by which he or she is bound.

3. **Confidential Information of Others.** Employee agrees that in the course of employment with the Company he or she will not bring to the Company's offices nor use, disclose to the Company, or induce the Company to use, any confidential information or documents belonging to others.

4. **Confidential Information of the Company.** As used in this Agreement, the term "Confidential Information" means any and all confidential, proprietary or secret information, including that conceived or developed by Employee, applicable to or in any way related to (i) the present or future business of the Company, (ii) the research and development of the Company, or (iii) the business of any client or vendor of the Company. Such Confidential Information of the Company includes, by way of example and without limitation, trade secrets, processes, formulas, data, program documentation, algorithms, source codes, object codes, know-how, improvements, inventions, techniques, all plans or strategies for marketing, development and pricing, and all information concerning existing or potential clients or vendors. Confidential Information of the Company also includes all similar information disclosed to the Company by other persons.

5. **Protection of the Company's Confidential Information.** Employee acknowledges that the Confidential Information of the Company is a special, valuable, and unique asset of the Company, and Employee agrees at all times during the period of his or her employment, and at all times after termination of such employment, not to disclose for any purpose and to keep in strict confidence and trust all of such Confidential Information. Employee agrees during and after the period of such employment not to use, directly or indirectly, any Confidential Information other than in the course of performing duties as an employee of the Company, nor will Employee directly or indirectly disclose any Confidential Information or anything relating to it to any person or entity except, with the Company's consent, as may be necessary to the performance of Employee's duties as an employee of the Company. Employee will abide by Company policies and rules established from time to time by it for the protection of its Confidential Information.

6. **Return of Materials.** Upon termination of employment with the Company, and regardless of the reason for such termination, Employee will leave with, or promptly return to, the Company all documents, records, notebooks, magnetic tapes, disks or other materials, including all copies, in his or her possession or control which contain Confidential Information of the Company or any other information concerning the Company, its products, services or clients, whether prepared by the Employee or others.

7. **Inventions as Sole Property of the Company.** Any inventions, discoveries, concepts or ideas, or expressions thereof, whether or not subject to patents, copyrights, trademarks or service mark protection, and whether or not reduced to practice, conceived or developed by Employee while employed with the Company or within one (1) year following termination of such employment which relate to or result from the actual or anticipated business, work, research or investigation of the Company or which are suggested by or result from any task assigned to or performed by Employee for the Company shall be the sole and exclusive property of the Company. (The provisions of this Paragraph 7 shall apply to California employees to the maximum extent permitted by Section 2870 of the California Labor Code, for whom a copy of same is attached hereto. With respect

© 1994 Computer Associates International, Inc.

to California employees, no assignment in this Agreement shall extend to inventions, the assignment of which is prohibited by Labor Code 2870.) Employee hereby assigns to the Company the entire right, title and interest to any such inventions, discoveries, concepts, ideas or expressions thereof and Employee agrees to perform, during and after employment, all acts deemed necessary or desirable by the Company to permit and assist it, at the Company's expense, in obtaining, maintaining, defending and enforcing inventions, discoveries, concepts, ideas, or expressions thereof in any and all countries. Such acts may include, but are not limited to, execution of documents and assistance or cooperation in legal proceedings. Employee hereby irrevocably designates and appoints the Company and its duly authorized officers and agents, as Employee's agents and attorneys-in-fact to act for and in Employee's behalf and instead of Employee, to execute and file any documents and to do all other lawfully permitted acts to further the above purposes with the same legal force and effect as if executed by Employee.

**8. Outside Employment.** Employee agrees that during the period of his or her employment, Employee will not, without the Company's prior written approval, directly or indirectly engage in any outside employment activity relating to any line of business in which the Company is engaged, or which would otherwise conflict with or adversely affect in any way Employee's performance of his or her employment obligation to the Company.

**9. Covenant Not to Compete for One Year.** To the extent permitted by applicable law,
 (a) Employee agrees that for a period of one year following termination of employment:
  (i) Employee will not, without the Company's prior written approval, engage in any business activities which are competitive with the business activities of the Company or those of its subsidiary or parent companies.
  (ii) Employee will not solicit, call on, or induce others to solicit or call on, directly or indirectly, any clients or prospective clients of the Company for the purpose of inducing them to license or lease a product or service which may compete with any product or service of the Company, unless such client or prospective client is located in a geographic area with which Employee was not involved on the Company's behalf.
 (b) If Employee at or prior to termination has been a programmer, analyst, support technician, quality assurance technician, technical documentation writer and/or a manager in a research and development capacity, Employee's obligations under this Paragraph 9 shall be satisfied if Employee does not, for one year following termination, work on any program or product which may be competitive with any program or product of the Company with which Employee was involved in a research and development or support capacity during the term of his or her employment with the Company.

**10. Identification of Subsequent Employment.** Employee agrees that for a period of one year following termination of employment, Employee, upon request of the Company, will identify in writing within seven days of the request, the nature of Employee's actual or planned business activities, including the name and address of any intended or actual employer.

**11. Non-Solicitation of the Company's Employees.** Employee agrees that during his or her employment with the Company, and for a period of one year following termination of such employment, with or without cause, Employee will not, directly or indirectly, hire any current or future employee of the Company, or solicit or induce, or attempt to solicit or induce, any current or future employee of the Company to leave the Company for any reason.

**12. Injunction.** Employee acknowledges that by virtue of his or her employment with the Company he or she has had or will have access to trade secrets and Confidential Information of the Company, the disclosure of which will irreparably harm the Company. Employee further acknowledges that irreparable harm will be suffered by the Company in the event of the breach by Employee of any of his or her obligations under this Agreement, and that the Company will be entitled, in addition to its other rights, to enforce such obligations by an injunction or decree of specific performance from a court having proper jurisdiction.
 Any claims asserted by Employee against the Company shall not constitute a defense in any injunction action brought by the Company to obtain specific enforcement of this Agreement.

**13. Authorization to Modify Restrictions.** Employee acknowledges that the restrictions contained in this Agreement are reasonable, but agrees that if a court having proper jurisdiction holds a particular restriction unreasonable, that restriction shall be modified to the extent necessary in the opinion of such court to make it reasonable, and that the remaining provisions of this Agreement shall nonetheless remain in full force and effect.

**14. List of Prior Inventions.** All inventions which Employee has made prior to employment by the Company are excluded from the scope of this Agreement. As a matter of record, Employee has set forth on Exhibit A hereto a complete list of inventions, discoveries, or improvements which might relate to the Company's business and which have been made by Employee prior to employment with the Company. Employee represents that such list is complete.

**15. No Duration of Employment.** The Company and Employee each acknowledge and agree that Employee's employment with the Company is not for any duration and that such employment may be terminated by either the Company or Employee at any time and for any reason, with or without cause.

**16. General.**
(a) If the Company is successful in a suit or proceeding to enforce this Agreement, Employee will pay the Company's costs of bringing such suit or proceeding, including attorney's fees.
 (b) Any notice required or permitted to be given under this Agreement shall be made either
  (i) by personal delivery to Employee or, in the case of the Company, to the Company's principal office ("Principal Office") located at One Computer Associates Plaza, Islandia, New York 11788-7000, Attention: Manager of Personnel, or
  (ii) in writing and sent by registered mail, postage prepaid, to Employee's residence or, in the case of the Company, to the Company's Principal Office.
 (c) This Agreement shall be binding upon Employee and his or her heirs, executors, assigns, and administrators and shall inure to the benefit of the Company, its successors and assigns and any subsidiary or parent of the Company.
 (d) This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Any action relating to this Agreement or Employee's employment by the Company shall be brought exclusively in the state or federal courts of the State of New York.
 (e) This Agreement represents the entire agreement between Employee and the Company and supersedes any and all previous oral or written communications, representations or agreements. This Agreement may be modified only by a duly authorized and executed writing.

EMPLOYEE

_David L_ (signature)
Signature

_David Lenihan_
Typed or Printed Name

_10/10/00_
Date

COMPUTER ASSOCIATES INTERNATIONAL, INC.

_Deborah J. Coughlin_ (signature)
Signature

_Sr. Vice President_
Title

_10/17/00_
Date

CAUTION TO EMPLOYEE: This Agreement affects important rights. DO NOT sign it unless you have read it carefully and are satisfied that you understand it completely.

# EXHIBIT A
## TO
## EMPLOYMENT AND CONFIDENTIALITY AGREEMENT

I represent that I have disclosed on this Exhibit all inventions, ideas, writings or computer programs in which I have any right or interest. I agree that any present or future patent, idea, copyright, writing or computer program not listed in this Appendix is subject to assignment and vesting under Paragraph 7 of the attached Computer Associates Employment and Confidentiality Agreement. I further agree that under no circumstances will I incorporate in any work that I perform for the Company any of the ideas, programs and/or writings I have disclosed on this Exhibit without prior written consent of the Company.

| Brief Description of Invention, Idea, Writing or Computer Program | Right, Title or Interest and Date Acquired |
|---|---|
| N/A | |

Date: 10/10/00

Employee Signature: David [signature]

# EXHIBIT B

Section 2870. Application of provision providing that employee shall assign or offer to assign rights in invention to employer.

(a) Any provision in an employment agreement which provides that an employee shall assign, or offer to assign, any of his or her rights in an invention to his or her employer shall not apply to an invention that the employee developed entirely on his or her own time without using the employer's equipment, supplies, facilities, or trade secret information except for those inventions that either:

   (1) Relate at the time of conception or reduction to practice of the invention to the employer's business, or actual or demonstrably anticipated research or development of the employer.

   (2) Result from any work performed by the employee for his employer.

(b) To the extent a provision in an employment agreement purports to require an employee to assign an invention otherwise excluded from being required to be assigned under subdivision (a), the provision is against the public policy of this state and is unenforceable.