UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID LENIHAN and JAN LENIHAN,<br><br>Plaintiffs,<br><br>v.<br><br>COMPUTER ASSOCIATES<br>INTERNATIONAL, INC.,<br><br>Defendant. | C.A. No. 04-11701-DPW |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER THIS ACTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

The defendant, Computer Associates International, Inc. ("Computer Associates"), submits this memorandum of law in support of its motion to transfer this action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1406(a) or, in the alternative, 28 U.S.C. § 1404(a).

Transfer of this action to the Eastern District of New York is appropriate because a forum selection clause governing this dispute requires that this action be brought in a state or federal court in New York. The complaint sets forth seven claims, all of which arise out of David Lenihan's former employment with Computer Associates. In an employment agreement entered into between Mr. Lenihan and Computer Associates, the parties agreed that "[a]ny action relating to . . . [Lenihan's] employment by [Computer Associates] shall be brought *exclusively* in the state or federal courts of the State of New York" (emphasis added). Further, Computer Associates's headquarters is in Islandia, New York, the documents are maintained in Islandia, the key witnesses in this case live and work in New York, and New York law applies to most of

the claims. For these reasons, the Court should transfer this case to the Eastern District of New York.

I.   **BACKGROUND**

   A.   **Factual Background**

Computer Associates develops computer software that helps businesses manage their information technology, business information, and application development. Computer Associates is a Delaware corporation with its principal place of business in Islandia, New York. *See* Arato Aff. ¶ 2.

David and Jan Lenihan live in Norton, Massachusetts. *See* Complaint ¶¶ 2-3. Prior to his employment with Computer Associates, Mr. Lenihan worked for, among other companies, National Computer Systems, Inc., Bull HN, and Motorola, Inc. *See* Arato Aff. ¶ 3. He is a graduate of the University of Massachusetts at Amherst. *See id.*

On or about October 10, 2000, Computer Associates hired Mr. Lenihan as a Sales Executive. *See* Arato Aff. ¶ 3. At the inception of his employment, Mr. Lenihan signed an Employment and Confidentiality Agreement ("Employment Agreement"). *See id.* at ¶ 4. The Employment Agreement included the following choice of law and forum selection clause:

> This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Any action relating to this Agreement or [Lenihan's] employment by [Computer Associates] shall be brought exclusively in the state or federal courts of the State of New York.

*See id.* at ¶ 5.

The Employment Agreement provided protections to ensure that Mr. Lenihan understood his rights. *See* Arato Aff. ¶¶ 5-6. Specifically, at the bottom of the signature page, the Employment Agreement states "CAUTION TO EMPLOYEE: This Agreement affects important rights. DO NOT sign it unless you have read it carefully and are satisfied that you understand it

completely." *See id.* Mr. Lenihan signed the Employment Agreement on October 10, 2000. *See id.*

In or around July 2002, Computer Associates began an investigation into the activities of Mr. Lenihan. *See* Arato Aff. ¶ 7. The investigation was directed out of Computer Associates's headquarters in New York. *See id.* The investigation was led by Alexander Arato (Vice President, Senior Counsel), Stephen Woghin (General Counsel), Grace Caden (Vice President, Internal Audit), and Adam Feirstein (Regional Manager of Human Resources), all of whom worked in Islandia. *See id.* The investigation uncovered that Mr. Lenihan engaged in fraud and conspiracy to obtain commissions to which he was not entitled. *See id.* at ¶ 8. Moreover, Mr. Lenihan refused to participate in the investigation. *See id.* As a result, on August 19, 2002, his employment was terminated. *See id.*

### B.    Procedural Background

On June 21, 2004, the Lenihans filed a complaint in Middlesex Superior Court. *See* Arato Aff. ¶ 9; Complaint. Mr. Lenihan brought claims for wrongful termination of employment in violation of public policy, breach of contract, intentional interference with contractual relations, intentional deceit, intentional infliction of emotional distress, and breach of the covenant of good faith and fair dealing. *See* Complaint. Ms. Lenihan brought a claim for loss of consortium. *Id.* All of the claims arise under state law. *Id.*

On August 2, 2004, Computer Associates removed this action on diversity grounds to the United States District Court for the District of Massachusetts. *See* Arato Aff. ¶ 9. Computer Associates now moves this Court to transfer this action to the United States District Court for the Eastern District of New York.[1] *See* 28 U.S.C. §§ 1404(a), 1406(a).

---

[1] A party may remove a case to federal court and then seek a transfer to another venue. *See Lambert v. Kysar*, 983 F.2d 1110, 1113 n.2 (1st Cir. 1993) (concluding that defendant's filing a removal petition in a diversity action does not waive defendant's right to object in federal court to the venue); 15 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 3843 (1986 & 2004 Supp.) ("Even though the defendant has brought the case to a federal forum by removal, he is not estopped from seeking to have it transferred to a more convenient federal court.").

## II.  ARGUMENT

### A. This Action Should be Transferred to the Eastern District of New York Under Section 1406(a) Because the Forum Selection Clause Requires that All Actions Relating to David Lenihan's Employment Be Brought in New York.

Section 1406(a) states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Section 1406(a) "provides for transfer from forums in which venue is wrongly or improperly laid . . . ." *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964) ("[I]n contrast, [section] 1404(a) operates on the premise that the plaintiff has properly exercised his venue privilege."). Where the defendant has challenged venue, the plaintiff has the burden of proof to establish that it has brought the action in the appropriate venue. *See Cordis Corp. v. Cardiac Pacemakers*, 599 F.2d 1085, 1086 (1st Cir. 1979) ("there is ample authority placing the burden . . . on the plaintiff once a defendant has challenged venue . . . ."); *Cashman Equip. Corp. v. Kimmins Contracting Corp.*, C.A. No. 03-10463-DPW, 2004 WL 32961, at *2 (D. Mass. Jan. 5, 2004) (Woodlock, J.) ("In the First Circuit, the plaintiff has the burden of proving that it has brought the action in a permissible forum.") (Tab A).

Here, the Lenihans brought their lawsuit in the wrong forum. The Employment Agreement contains a standard forum selection clause providing that *all* actions relating to Mr. Lenihan's employment with Computer Associates were "to be brought *exclusively* in the state or federal courts of the State of New York" (emphasis added). The forum selection clause is described in plain language in a three-page Employment Agreement. *See Silva v. Encyclopedia Britannica, Inc.*, 239 F.3d 385, 389 (1st Cir. 2001); *Lambert v. Kysar*, 983 F.2d 1110, 1121 (1st Cir. 1993). Mr. Lenihan is a college graduate and an experienced professional who could reasonably understand this provision in his Employment Agreement. *See* Arato Aff.

¶ 3. *See Silva*, 239 F.3d at 389. Indeed, the Employment Agreement stated clearly that it "affects important rights" and that he should not sign it "unless you have read it carefully and are satisfied that you understand it completely." *See* Arato Aff. ¶ 6. Further, the selection by the parties of a New York forum was eminently reasonable because Computer Associates has its headquarters in Islandia. *See id.* at ¶ 2. In these circumstances, the parties should be bound by their voluntary and knowing selection of a New York court as the appropriate forum. *See The M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1992); *Silva*, 239 F.3d at 389; *Lambert*, 983 F.2d at 1116-1117; *Cashman Equip. Corp.*, C.A. No. 03-10463-DPW, 2004 WL 32961, at *6-7.

Forum selection clauses routinely support the dismissal or transfer of cases based on improper venue. *See The M/S Bremen*, 407 U.S. at 10 (concluding forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown . . . to be 'unreasonable' under the circumstances"); *Silva*, 239 F.3d at 389 (affirming district court's dismissal of action for improper forum based on mandatory forum selection clause contained in worker's commission agreement with company); *Lambert*, 983 F.2d at 1116-1117 (affirming district court's dismissal based on improper venue where contract included forum selection clause stating that venue shall lie exclusively in Washington). *See also Cashman Equip. Corp.*, C.A. No. 03-10463-DPW, 2004 WL 32961, at *6-7 (upholding forum selection clause in a section 1404(a) analysis).

Where, as here, the plaintiffs have filed a case in the wrong forum, the Court "shall" either dismiss the case or transfer it to "any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a). The U.S. District Court for the Eastern District of New York is a court in which this action "could have been brought." *See id.* Jurisdiction is appropriate because there is complete diversity and the amount of controversy is in excess of

$75,000. *See* Complaint. Venue is appropriate because Computer Associates's headquarters, Islandia, is located in the Eastern District. *See* Arato Aff. ¶ 2. As a result, transfer under section 1406(a) is proper.

    **B.    This Case Should be Transferred to the Eastern District of New York Under Section 1404(a) For the Convenience of the Parties and Witnesses and in the Interest of Justice.**

        **1.    Standard Under Section 1404(a)**

Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). The relevant factors concerning the transfer of a case pursuant to section 1404(a) include the forum selected by the parties, the convenience of the parties, the convenience of the witness, the location of the documents, and the interests of justice. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30-31 (1988); *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000). As described in more detail below, these factors support the transfer of this action to the Eastern District of New York.

        **2.    Forum Selection Clause**

A forum selection clause is a "significant factor" in a section 1404(a) analysis. *See Stewart Org.*, 487 U.S. at 29. As discussed above, forum selection clauses support changes in venue. *See id.* at 32; *The M/S Bremen*, 407 U.S. at 10; *Silva*, 239 F.3d at 389; *Lambert*, 983 F.2d at 1116-117; *Cashman Equip. Corp.*, C.A. No. 03-10463-DPW, 2004 WL 32961, at *6-7. Here, the "significant factor" of the forum selection clause weighs heavily in favor of a transfer to the Eastern District of New York.

### 3.   Convenience of the Parties

The convenience of the parties supports transfer to New York. *See Digital Equip. Corp. v. Electronic Memories and Magnetics Corp.*, 452 F. Supp. 1262, 1267 (D. Mass. 1978) (transferring the action from Massachusetts to California because, among other things, the defendant maintained its principal place of business in California). Here, because Computer Associates has its principal place of business in New York, transfer to New York is appropriate. *See id.*

Further, transfer to New York is not sufficiently *inconvenient* for the Lenihans, who live within a reasonable driving distance of New York. As an initial matter, Mr. Lenihan *agreed* to bring any action arising out of his employment in a New York court. *See Cashman Equip. Corp.*, C.A. No. 03-10463-DPW, 2004 WL 32961, at *7 (upholding forum selection clause requiring arbitration in Massachusetts notwithstanding that party claimed inconvenience to him, his witnesses, and his evidence). The Lenihans' choice of a Massachusetts attorney is of no consequence. *See Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 18 (D. Mass. 1991) (noting "[n]o case articulates that the convenience of counsel is a consideration in deciding a motion to transfer pursuant to § 1404(a)" and recommending transfer of action). Further, although a plaintiff's choice of forum is to be considered, a plaintiff cannot forum shop to avoid the consequences of a previously agreed-upon forum selection clause. *See Lambert*, 983 F.2d at 1121-1122 (affirming dismissal on basis of forum selection clause); *Brant Point Corp. v. Poetzsch*, 671 F. Supp. 2, 3-4 (D. Mass. 1987) (concluding plaintiff's choice of forum is overcome by other factors under section 1404(a)).

### 4.   Location of the Documents

Transfer should be granted if it will facilitate easier access to the relevant documents and records. *See Coady*, 223 F.3d at 11 (identifying "availability of documents" as a factor to be

considered in a section 1404(a) analysis and directing district court to transfer case from Massachusetts to District of Columbia). Here, the key documents in this case (*e.g.*, David Lenihan's personnel records, documents concerning the investigation) are located at Computer Associates's headquarters in Islandia. *See* Arato Aff. ¶ 13. To the extent that the Lenihans have some relevant documents in Massachusetts, those documents may be easily copied and sent to New York in connection with this case. This factor weighs in favor of transferring the case to New York.

### 5.   Convenience of the Witnesses

The convenience of the witnesses supports transfer to New York. *See Brant Point Corp.*, 671 F. Supp. at 3-4 (transferring case to North Carolina when defendant's key witnesses were located in North Carolina, notwithstanding that plaintiff's principal was a Massachusetts resident).

Here, as set forth in the affidavit of Alexander Arato (Computer Associates's Vice President, Senior Counsel), Computer Associates expects to call the following witnesses:

(i) Alexander G. Arato (Vice President, Senior Counsel). Mr. Arato is expected to testify about the investigation of Mr. Lenihan's conduct and the termination of his employment. Mr. Arato lives in East Setauket, New York.

(ii) Steven M. Woghin (General Counsel). Mr. Woghin is expected to testify about the investigation of Mr. Lenihan's conduct and the termination of his employment. Mr. Woghin lives in Cold Spring Harbor, New York.

(iii) Grace M. Caden (Vice President, Internal Affairs). Ms. Caden is expected to testify about the investigation of Mr. Lenihan's conduct. Ms. Caden lives in Stony Brook, New York.

(iv) Adam Feirstein (Regional Manager of Human Resources). Mr. Feirstein is expected to testify about the investigation of Mr. Lenihan's conduct. Mr. Feirstein lives in St. James, New York.

See Arato Aff. ¶¶ 10, 11. The convenience of these witnesses weighs heavily in favor of the transfer of this action to the Eastern District of New York.

### 6. The Interests of Justice Support Transfer to a New York Court Because New York Law Applies to this Dispute

Transfer would promote the interests of justice by allowing a federal court in New York to address the New York laws that govern this dispute. *See Van Dusen*, 376 U.S. at 645 (addressing importance of maintaining action in state where judges possess "a more ready familiarity with the local laws"); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947) ("There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case . . . ."); *Brant Point*, 671 F. Supp. at 5 (transferring action to North Carolina because, among other things, "transfer to a North Carolina forum would promote the interests of justice by allowing the North Carolina zoning procedures at issue . . . to be construed by a federal court sitting in that state, rather than by a court unfamiliar with North Carolina law.").

Here, the Employment Agreement expressly calls for New York law to apply to disputes arising out of the Employment Agreement. *See* Arato Aff. ¶ 4; *Silva*, 239 F.3d at 389 (enforcing forum selection clause in worker's employment agreement). Therefore, Mr. Lenihan's breach of contract claim (Count II), intentional interference with contractual relations claim (Count III), and breach of the covenant of good faith and fair dealing claim (Count VII) – all of which are based on an alleged "employment contract" which is "comprised of written documents between the parties" – must be construed and governed by New York law. *See* Complaint ¶ 37. New York law also applies to any affirmative defenses or counterclaims available to Computer

Associates. Because a federal court sitting in New York will have greater familiarity with New York law, transfer under section 1404(a) is appropriate. *See Van Dusen*, 376 U.S. at 645; *Gulf Oil Corp.*, 330 U.S. at 508-509; *Brant Point*, 671 F. Supp. at 5.

### III.  Conclusion

For the reasons set forth above, Computer Associates respectfully requests that this Court enter an Order transferring this action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a).

    Respectfully submitted,
    COMPUTER ASSOCIATES
    INTERNATIONAL, INC.

    By its attorneys,

    HOLLAND & KNIGHT LLP

    _____
    Paul G. Lannon, Jr. (BBO # 563404)
    David J. Santeusanio (BBO # 641270)
    10 St. James Avenue
    Boston, Massachusetts  02116
    (617) 523-2700

Dated:  August 30, 2004

- 11 -

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2004, I electronically filed this Memorandum of Law in Support of Computer Associates International Inc.'s Motion to Transfer this Action to the United States District Court for the Eastern District of New York with the Clerk of Court using the CM/EMF system, which will send notification of such filing to the following attorneys of record:

Peter H. Noone, Esq.
Avery, Dooley, Post & Avery, LLP
90 Concord Avenue
Belmont, MA 02478

David J. Santeusanio, Esq.
Holland & Knight LLP
10 St. James Avenue
Boston, Massachusetts 02116

/s/ Paul G. Lannon, Jr.
Paul G. Lannon, Jr., Esq.
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116

# 2169741_v2