Westlaw.

**EXHIBIT A**

Not Reported in F.Supp.2d                                                                                                    Page 1
2004 WL 32961 (D.Mass.)
(Cite as: 2004 WL 32961 (D.Mass.))

C
Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
D. Massachusetts.

CASHMAN EQUIPMENT CORP., Plaintiff,
v.
KIMMINS CONTRACTING CORP., Defendant.

No. Civ.A. 03-10463-DPW.

Jan. 5, 2004.

Andrew B. Saunders, Saunders & Michaud, New Bedford, MA, for Petitioner.

Dennis C. Cavanaugh, Halloran & Sage, Hartford, CT, for Respondent.

*MEMORANDUM AND ORDER*

WOODLOCK, J.

*1 Plaintiff Cashman Equipment Corporation ("Cashman") seeks to compel Kimmins Contracting Corporation ("Kimmins") to arbitrate a dispute arising from the lease of a barge and vessel in Florida. Kimmins challenges the validity of the arbitration clause in the lease agreement to the extent that it requires arbitration in Massachusetts. For the reasons set forth below, I will grant Cashman's motion for summary judgment, and deny Kimmins's renewed motion to dismiss.

I. BACKGROUND

Kimmins is a Florida corporation with its principal place of business in Tampa, Florida. Cashman is a Massachusetts corporation with its principal place of business in Boston, Massachusetts. Cashman does business in Florida, but Kimmins does not do business in Massachusetts.

In May 2002, Kimmins and Cashman entered into a pair of agreements by which Cashman leased a barge and crane to Kimmins. The barge charter agreement ("Charter") specified that Kimmins chartered the barge on a "bare boat" basis. The crane equipment lease ("Equipment Lease") was incorporated into the Charter. Pursuant to the agreement, the barge and the crane (which was on the barge's deck) were delivered to Kimmins in Tampa.

Kimmins's apparent purpose in entering into these agreements was to obtain equipment that would be useful to it for construction work at a public works project for the Tampa Port Authority. However, neither agreement required or even recited this. Under the Charter, Kimmins could use the barge (and, by extension, the crane), within the territorial waters of the United States, for any lawful purpose other than carrying petroleum products, hazardous materials, or cargo requiring a Coast Guard certification that the barge lacked.

After the barge and crane were returned to Cashman, a dispute arose. Cashman maintained, and Kimmins denied, that Kimmins owed both base charter hire and additional charter hire for use of the barge and crane beyond a single shift operation, and also that the barge was damaged during the term of the charter.

To resolve such disputes, the Charter contained an arbitration clause, Paragraph 16, which is reproduced here in its entirety:
> Should it become necessary for either party to enforce its rights under the terms of this Agreement, the losing party agrees to make the damaged party whole and to pay reasonable attorney's fees and arbitration costs to the prevailing party. The parties further agree that all disputes concerning the interpretation of this Agreement and the rights and obligations of the parties arising out of this Agreement shall be

Not Reported in F.Supp.2d
2004 WL 32961 (D.Mass.)
(Cite as: 2004 WL 32961 (D.Mass.))

Page 2

submitted to binding arbitration. The arbitration shall be conducted within the Commonwealth of Massachusetts, subject to the jurisdiction of its courts, and under any of the applicable general laws of the Commonwealth. The Agreement shall be governed by the American Arbitration Association (AAA) rules of commercial arbitration and shall specifically include the AAA's Optional Rules for Emergency Measures of Protection.

*2 In addition, Paragraph 23 of the Charter provided that *"[t]he parties agree that all disputes hereunder shall be decided in accordance with paragraph 16 of this Charter Agreement."* (emphasis in original).

In February 2003, pursuant to the arbitration clause, Cashman demanded arbitration in the Port of Boston. In response, Kimmins filed an action in Florida state court later that month, seeking a declaratory judgment that Paragraph 16, to the extent it requires that arbitration be conducted in Massachusetts, is void under Florida law. [FN1]

> FN1. Although the parties did not inform this Court until the hearing, rescheduled at their request to today, the Florida court apparently ruled orally on October 29, 2003 that Florida law did not void the parties' arbitration venue clause, and instructed the parties to settle on a final judgment in the declaratory action. A final judgment, which the parties informed me at the hearing is the subject of a motion to reconsider, was entered on December 9, 2003 by the Florida court providing that:
> The arbitration of the dispute between KIMMINS CONTRACTING CORPORATION and CASHMAN EQUIPMENT CORPORATION shall take place in the Commonwealth of Massachusetts.
> As the instant memorandum makes clear, I concur in that judgment.
> I assume that the pending motion for reconsideration deprives the Florida judgment of the finality required to provide a foundation for giving it full faith and credit, *cf. Currie v. Group Ins. Comm'n,* 290 F.3d 1, 13, 16-17 & n. 5 (1st Cir.2002) (Woodlock, J., dissenting). In any event, either the judgment issued herewith or the parallel judgment of the Florida court will stand as the preclusive disposition of the matter, unless both are vacated.

In March 2003, Cashman filed in this Court a petition to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-14. In April 2003, Kimmins moved to dismiss, arguing, *inter alia,* that this Court lacks personal jurisdiction over Kimmins; that Massachusetts is an improper venue; and that the venue provision of Paragraph 16 violates Florida law. In June 2003, I denied Kimmins's motion, but indicated that I would consider further argument on the propriety of a transfer to the Middle District of Florida. Cashman has now moved for summary judgment. Kimmins responds by opposing Cashman's motion, and also with a renewed motion to dismiss or, alternatively, to transfer or stay.

## II. DISCUSSION

Cashman contends that Paragraph 16 is unambiguous and as a matter of law requires that any dispute must be arbitrated in Massachusetts. In its two motions, Kimmins argues, with substantial overlap, that (1) Paragraph 16 is void under Florida law; (2) venue in Massachusetts is improper under 28 U.S.C. § 1391 because (a) Paragraph 16 does not constitute consent to either personal jurisdiction or venue in Massachusetts, and (b) but for Paragraph 16, Kimmins would clearly not be subject to personal jurisdiction here; and (3) this Court should abstain in favor of the pending Florida state court litigation. As relief, Kimmins seeks either dismissal for improper venue, a transfer to the Middle District of Florida under 28 U.S.C. § 1404(a), or a stay until the state court litigation concludes.

### A. *Standard of Review*

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                   Page 3
2004 WL 32961 (D.Mass.)
(Cite as: 2004 WL 32961 (D.Mass.))

judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is "material" if it has the "potential to affect the outcome of the suit under the applicable law." *Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir.2000), and a "genuine" issue is one that "may reasonably be resolved in favor of either party." *Cadle Co. v. Hayes*, 116 F.3d 957, 960 (1st Cir.1997).

In this case, Kimmins simultaneously filed, alongside its opposition to Cashman's motion for summary judgment, a renewed motion to dismiss under Fed.R.Civ.P. 12(b)(3) (improper venue) and the abstention doctrine of *Colorado River Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). In the First Circuit, the plaintiff has the burden of proving that it has brought the action in a permissible forum. *Cordis Corp. v. Cardiac Pacemakers*, 599 F.2d 1085, 1086 (1st Cir.1979); *Salisbury Cove Assoc., Inc. v. Indcon Design (1995), Ltd.*, 211 F.Supp.2d 184, 187 (D.Me.2002); see also 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1352 (1990 & Supp.2003). [FN2]

> FN2. *But see Coady v. Ashcraft & Gerel*, 996 F.Supp. 95, 100 (D.Mass.1998) (Young, C.J.) (placing burden on defendant-movant), *rev'd on other grounds*, 223 F.3d 1 (1st Cir.2000); *accord, e.g., Myers v. Am. Dental Ass'n*, 695 F.2d 716 (3d Cir.1982), *cert. denied*, 462 U.S. 1106, 103 S.Ct. 2453, 77 L.Ed.2d 1333; see also Wright & Miller § 1352 n. 6 (1990 & Supp.2003) (citing cases).

*3 The procedural analysis for Rule 12(b)(3) challenges is the same as that used for a Rule 12(b)(2) challenge for lack of personal jurisdiction. *Salisbury Cove Assoc.*, 211 F.Supp.2d at 187-88; *M.K.C. Equip. Co. v. M.A.I.L.Code, Inc.*, 843 F.Supp. 679, 682-83 (D.Kan.1994). The plaintiff must make a prima facie demonstration, employing affirmative proof beyond the pleadings, of every fact necessary to establish proper venue. *See Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671, 675 (1st Cir.1992) (describing procedure for evaluating motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing); *Salisbury Cove Assoc.*, 211 F.Supp.2d at 187. The court, in evaluating whether the plaintiff has made such a prima facie demonstration, accepts plaintiff's properly supported proffers of evidence as true, and views disputed facts in a light favorable to the plaintiff, but need not credit unsupported allegations in the pleadings. *Boit*, 967 F.2d at 675.

In this case, there do not appear to be any disputed material facts. Cashman does not contend that Kimmins has any connection with Massachusetts other than what may be found in the Charter and the Equipment Lease, and rests solely on those documents. Therefore, in the absence of any disputed facts, the motions may be considered jointly and resolved as a matter of law without regard to differences between standards of review.

C. *Validity of Paragraph 16 Under Florida Law*

Kimmins argues that Paragraph 16's venue provision is invalid under a Florida statute voiding certain venue provisions. *See* Fla. Stat. § 47.025. Before analyzing this contention, I must digress briefly into a choice-of-law analysis.

" 'In the absence of a contractual choice-of-law clause, federal courts sitting in admiralty apply federal maritime choice-of-law principles.' " *Flores v. Am. Seafoods Co.*, 335 F.3d 904, 916 (9th Cir.2003) (quoting *Chan v. Soc'y Expeditions, Inc.*, 123 F.3d 1287, 1296-97 (9th Cir.1997)). Under those principles, a court examines "(1) the place of the wrongful act, (2) the law of the ship's flag, (3) the domicile of the injured party, (4) the domicile of the shipowner, (5) the place of contract, (6) the inaccessibility of the foreign forum, and (7) the law of the forum." *Sundance Cruises Corp. v. Am. Bureau of Shipping*, 7 F.3d 1077, 1082 (2d Cir.1993) (citing *Lauritzen v. Larsen*, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953)).

However, "where the parties specify in their contractual agreement which law will apply, admiralty courts will generally give effect to that choice." *Flores*, 335 F.3d at 916 (quoting *Chan*, 123 F.3d at 1296-97); *Milanovich v. Costa Crociere, S.p.A.*, 954 F.2d 763, 767 (D.C.Cir.1992); *Stoot v. Fluor Drilling Servs., Inc.*, 851 F.2d 1514, 1517 (5th Cir.1988). Choice-of-law provisions will only be dishonored if "the state has no substantial

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
2004 WL 32961 (D.Mass.)  
(Cite as: 2004 WL 32961 (D.Mass.))

Page 4

relationship to the parties or the transaction or the state's law conflicts with the fundamental purposes of maritime law." *Stoot,* 851 F.2d at 1517; *Restatement (Second) of the Conflicts of Laws* § 187 (1971). Finally, the court does not apply the choice-of-law principles of the jurisdiction selected, but rather proceeds directly to that jurisdiction's substantive law. *Chan,* 123 F.3d at 1297; *Milanovich,* 954 F.2d at 766-67.

*4 Were there no Paragraph 16, a court would probably not apply Massachusetts law. However, Paragraph 16 establishes that the parties chose the contract to be governed under Massachusetts substantive law. It clearly states that the arbitration "shall be conducted ... under any of the applicable general laws of the Commonwealth." The exception for a state that "has no substantial relationship to the parties," *Stoot,* 851 F.2d at 1517, does not apply because Cashman is a Massachusetts-based corporation, and the Charter specified that charter hire was to be paid monthly to Cashman "at its place of business in Boston, Massachusetts." Nor does any other exception apply. In short, the Florida venue provision statute is simply irrelevant, because the Charter selected Massachusetts law to govern the dispute. [FN3]

> FN3. In fact, this provision would not void Paragraph 16 even if Florida substantive law governed this case. In federal court, federal procedural rules apply even where state substantive law provides the rule of decision. *Hanna v. Plumer,* 380 U.S. 460, 465, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). The only court to ever construe Section 47.025 held that "the statute is procedural, not substantive." *Kerr Constr., Inc. v. Peters Contracting, Inc.,* 767 So.2d 610, 613 (Fla.Dist.Ct.App.2000). Kimmins does not cite any cases where a federal court applied a state law concerning the enforceability of forum selection clauses.

Moreover, even if the Florida statute that Kimmins relies on were to apply, it would not render Paragraph 16 void. That statute provides that:
> Any venue provision in a contract for improvement to real property which requires legal action involving a resident contractor, subcontractor, sub-subcontractor, or materialman ... to be brought outside this state is void as a matter of public policy.

Fla. Stat. § 47.025 (emphasis added).

Neither the Charter nor the Equipment Lease is a "contract for improvement to real property" as the statute requires. Of course, Kimmins argues that they are, because Kimmins chartered the barge and crane to facilitate construction on a public works project at the Tampa Port Authority. However, neither agreement requires or even recites that its purpose has anything to do with improvement to real property, nor requires Kimmins to do anything related to improvement to real property. The agreements permitted Kimmins to use the barge and charter for any lawful purpose, with certain geographic and cargo-related restrictions not relevant here. Even if the agreements had mentioned Kimmins's intended use of the barge and crane, they would still not be contracts *"for"* improvement to real property; at best they would be contracts "relating to" or "contemplating" or "involved indirectly in the industry of" improvement to real property.

Given the plain inapplicability of Fla. Stat. § 47.025, I need not analyze whether it is preempted by the FAA. [FN4]

> FN4. I note, however, that to the degree that § 47.025 purports to displace the customary operation of the FAA, it is open to a preemption attack. *Cf. Sec. Indus. Ass'n v. Connolly,* 703 F.Supp. 146 (D.Mass.1988), *aff'd,* 883 F.2d 1114 (1st Cir.1989), *cert. denied,* 495 U.S. 956, 110 S.Ct. 2559, 109 L.Ed.2d 742 (1990).

D. *Venue*

According to Kimmins, venue is improper in Massachusetts under 28 U.S.C. § 1391 because Kimmins is not subject to personal jurisdiction here. At the outset, I note that Section 1391 does not apply to admiralty or maritime actions. Fed.R.Civ.P. 82; *In re McDonnell-Douglas Corp.,* 647 F.2d 515, 516 (5th Cir.1981); *Holmes v.*

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
2004 WL 32961 (D.Mass.)  
(Cite as: 2004 WL 32961 (D.Mass.))

Page 5

*Energy Catering Servs., LLC,* 270 F.Supp.2d 882, 885-86 (S.D.Tex.2003); *Gov't of Egypt Procurement Office v. M/V Robert E. Lee,* 216 F.Supp.2d 468, 470-71 (D.Md.2002). Rather, venue in an admiralty case lies "wherever a district court has personal jurisdiction over the defendant." *Holmes,* 270 F.Supp.2d at 885; *Gov't of Egypt Procurement Office,* 216 F.Supp.2d at 470-71. [FN5]

> FN5. This distinction is not outcome-determinative, however, because even if Section 1391 were to apply, the only basis for venue in Massachusetts would be that Kimmins "resides" in Massachusetts under Section 1391(a)(1), on the theory that it, as a corporation, resides in "any judicial district in which it is subject to personal jurisdiction at the time the action is commenced," 28 U.S.C. § 1391(c). In other words, venue is proper here if this court has jurisdiction over Kimmins, whether under the admiralty venue rules, *see In re McDonnell-Douglas Corp.,* 647 F.2d at 516 (in admiralty cases, " 'venue and personal jurisdiction analyses merge" '), or under Section 1391.

*5 Were it not for this transaction, and Paragraph 16 in particular, there would be little basis for Massachusetts to assert personal jurisdiction over Kimmins. However, by assenting to Paragraph 16, which selected Massachusetts as the forum for arbitration, Kimmins consented to personal jurisdiction here. "[C]onsent to arbitrate a dispute within a particular forum's jurisdiction includes an implied consent by the parties to accept the jurisdiction of that forum's courts." *Unionmutual Stock Life Ins. Co. of Am. v. Beneficial Life Ins. Co.,* 774 F.2d 524, 527 (1st Cir.1985) (Utah defendant consented to personal jurisdiction in Maine by signing agreement to arbitrate any disputes in Portland, Maine); *accord St. Paul Fire & Marine Ins. Co. v. Courtney Enter., Inc.,* 270 F.3d 621, 624 (8th Cir.2001) (Texas insured consented to personal jurisdiction in Minnesota by signing agreement agreeing to arbitrate any disputes in St. Paul, Minnesota); R.L. Martyn, Annotation, *Validity and Effect, and Remedy in Respect, of Contractual Stipulation to Submit Disputes to Arbitration in Another Jurisdiction,* 12 A.L.R.3d 892 (1967) § 2(a) ("It is generally recognized that both types of agreements constitute a consent by the parties thereto [to] the jurisdiction of the courts in the jurisdiction in which the arbitration is to take place for the purpose of enforcing the arbitration agreement.").

Kimmins seeks to avoid *Unionmutual* by half-quoting an exception. In Kimmins's version, the First Circuit warned that:

> in circumstances in which an agreement to arbitrate in a particular state is found to be unfair or unreasonable, courts should not enforce an implied consent to jurisdiction flowing from that arbitration agreement. Such a case may exist when the forum set by the arbitration clause has little relation to the underlying contract ...

*Id.* at 527; *see* Kimmins Mem. of Law in Support of Mtn. to Dismiss, at 7. However, the rest of the sentence elided by Kimmins is "... and the parties are not of equal bargaining power." *Unionmutual,* 774 F.2d at 527. Both cases that the *Unionmutual* court cited in support of this exception involved unequal bargaining power, and on the facts of that case--involving "two commercially sophisticated insurance companies of equal bargaining power"--the First Circuit found it not unreasonable to hold that the defendant had agreed to both the jurisdiction of the Maine courts and arbitration in Portland, even if it had no "minimum contacts" with Maine. *See id.* at 527-28.

The general rule--that, absent unequal bargaining strength and unconscionability, a forum selection clause implies consent to personal jurisdiction--is particularly important in the context of arbitration:

> Implying consent to personal jurisdiction from the forum selection clause in an agreement to arbitrate is necessary to implement the statutory requirement that an arbitration hearing must be held "within the district in which the petition for an order directing such arbitration is filed." 9 U.S.C. § 4. When the agreement to arbitrate includes a forum selection clause, most courts have concluded that "only a district court in that forum has jurisdiction to compel arbitration pursuant to Section 4 [of the Federal Arbitration Act]." Thus, if the court in the selected forum did not have personal jurisdiction to compel

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2004 WL 32961 (D.Mass.)
(Cite as: 2004 WL 32961 (D.Mass.))

Page 6

arbitration, the agreement to arbitrate would be effectively unenforceable, contrary to the strong national policy in favor of arbitration.

*6 *St. Paul Fire & Marine Ins. Co.,* 270 F.3d at 624 (citation omitted) (alteration in original). However, Kimmins argues that the FAA requires the court to assess personal jurisdiction as if the forum selection clause did not exist. The text that Kimmins relies on reads as follows:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. Kimmins argues that the phrase "any United States district court which, *save for such agreement, would have jurisdiction,*" *id.* (emphasis added), means that *personal* jurisdiction must exist independently of the arbitration agreement. This is plainly wrong; the statute requires the court to have an independent basis for "jurisdiction *under Title 28*," *id.* (emphasis added), which means subject matter jurisdiction. Personal jurisdiction is always required, but that comes from the Due Process Clause, not from the FAA.

Finally, Kimmins argues that Paragraph 16 itself does not effect consent to Massachusetts jurisdiction because the key text--"The arbitration shall be conducted within the Commonwealth of Massachusetts, subject to the jurisdiction of its courts, and under any of the applicable general laws of the Commonwealth"--is conditional. In Kimmins's reading, *"subject to* the jurisdiction of its courts" means "contingent upon the jurisdiction of its courts." It is true that, in some contexts, "subject to" can mean "contingent upon." However, this is clearly not such a context. The phrase "subject to" is here parallel with "under" and "within"--prepositional or adverbial phrases describing the arbitration, not sentence-wide modifiers restricting it to unlikely circumstances.

In sum, venue is proper in Massachusetts because Massachusetts has personal jurisdiction over Kimmins. Massachusetts has personal jurisdiction over Kimmins because Kimmins agreed, in the Charter, that any disputes would be arbitrated in Massachusetts and, moreover, would be "subject to the jurisdiction of its courts."

Kimmins requests, in the alternative, that I transfer this case to the United States District Court for the Middle District of Florida "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). [FN6] It is true that Massachusetts is a relatively inconvenient forum for this dispute; the contract was performed wholly in Florida, some (perhaps most) witnesses and evidence are there, and while Kimmins has no presence in Massachusetts, Cashman does have a presence in Florida. [FN7]

> FN6. Section 1404(a) applies to admiralty cases. *Cont'l Grain Co. v. Barge FBL-585,* 364 U.S. 19, 26, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960).

> FN7. Kimmins initially contacted Cashman via a Louisiana telephone number displayed on a Cashman barge docked in Tampa.

But "federal courts sitting in admiralty generally should enforce forum-selection clauses absent a showing that to do so 'would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." ' *Stewart Org., Inc. v.. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (quoting *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)). In *Stewart,* the Court described factors to consider in deciding whether to enforce the forum selection clause: the convenience of the forum, the fairness of transfer in light of the forum-selection clause and the parties' relative bargaining power, the convenience of the witnesses, and public-interest factors of systemic integrity and fairness. *Stewart,* 487 U.S. at 29-30. Moreover, "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum," and that presumption is even greater "when the plaintiff has chosen the home forum .... [because] it is reasonable to assume that this choice is

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2004 WL 32961 (D.Mass.)
(Cite as: 2004 WL 32961 (D.Mass.))

Page 7

convenient." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255-56, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). Finally, the forum selection clause is accorded greater validity when it is part of an agreement "made in an arm's-length negotiation by experienced and sophisticated businessmen." *M/S Bremen,* 407 U.S. at 12 (enforcing a forum selection clause in a maritime towing contract that required any dispute to be brought before the London Court of Justice, despite the fact that the tug owner was American and the tug and barge were docked in Tampa for repairs).

*7 Taking all these factors into account, I find that Massachusetts is not sufficiently inconvenient to warrant a transfer to Florida. It is convenient for Cashman. It would be unfair to Cashman to allow a transfer to Florida, given the forum selection clause that was evidently important enough for it to insist upon. There is no evidence that this was a contract of adhesion; both parties are commercial players, the Charter does not appear to be strict boilerplate in the manner of a car-rental contract, and there was no evidence submitted of a lack of Florida-based barge lessors. The presumption in favor of the plaintiff's choice of forum, particularly when it is its home forum, applies here. These factors outweigh the undoubted inconvenience to Kimmins, witnesses, and evidence. That inconvenience is precisely what Kimmins contracted for, and I find the forum selection clause to be both fair and reasonable.

E. *Abstention*

In a final parting shot, Kimmins argues that I should dismiss this action under the doctrine of *Colorado River Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Under *Colorado River,* a federal court may abstain in favor of duplicative, pending state court litigation in certain "exceptional" circumstances. *Id.* at 818-19. I find here no good cause to neglect "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* 817. *Cf. Currie v. Group Ins. Comm'n,* 290 F.3d 1, 13-20 (Woodlock, J., dissenting).

I need not fully discuss the complexities of abstention doctrine, because there is a Supreme Court case directly on point. In *Moses H. Cone Memorial Hospital v. Mercury Construction Co.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), a dispute arose between a hospital and a construction contractor where there was an arbitration agreement. Hoping to preempt arbitration, the hospital filed an action in state court seeking a declaratory judgment that the dispute was not subject to arbitration. The contractor then filed a federal court action under the FAA, seeking to compel arbitration. The federal district court stayed the action pending resolution of the state court suit, because the two suits involved the identical issue of the arbitrability of the contractor's claims. *See id.* at 4-8. The Supreme Court held this to be an abuse of discretion, and emphasized that, if a federal court has jurisdiction, then only " 'exceptional' circumstances, the 'clearest of justifications,' ... can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Id.* at 25-26 (emphasis in original). Without repeating the Court's reasoning, suffice it to say that, under *Moses H. Cone,* a district court may not abstain from a petition to compel arbitration on the grounds that there is a pending state court action seeking a declaratory judgment that the arbitration clause is (even partially) invalid. [FN8]

> FN8. I note that *Moses H. Cone* is clearly applicable to the facts of its case, is controlling authority for this Court, is directly adverse to Kimmins's position, and had not been cited by Cashman. Yet Kimmins did not cite *Moses H. Cone,* even to distinguish it. *See generally* Mass. R. Prof. Conduct R. 3.3(a)(3) ("A lawyer shall not knowingly ... [f]ail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel."); Conn. R. Prof. Conduct R. 3.3(a)(3) (same).

F. *Summary Judgment*

*8 The forum selection clause in Paragraph 16 is valid, and nothing in federal admiralty law, the FAA, or Florida law precludes its enforcement.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2004 WL 32961 (D.Mass.)
**(Cite as: 2004 WL 32961 (D.Mass.))**

Page 8

Thus, both venue and personal jurisdiction are proper in this Court. Since there are no disputed facts in the record, and the Charter contains a valid arbitration clause requiring any disputes to be arbitrated in Massachusetts, I find as a matter of law that Cashman is entitled to summary judgment on its petition to compel arbitration.

### III. CONCLUSION

Cashman's motion for summary judgment is GRANTED. Kimmins's renewed motion to dismiss is DENIED. Judgment shall issue ordering Kimmins to submit to arbitration in the Commonwealth of Massachusetts forthwith in accordance with Paragraph 16 of the parties' Charter Agreement. Given the parties' neglect to keep the parallel courts apprized of the relevant judgments and case law in this dispute, *see supra* notes 1 and 8, the parties are hereby ORDERED to provide a copy of this Memorandum and this Court's final judgment to the Florida Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida Civil Division.

2004 WL 32961 (D.Mass.)

Motions, Pleadings and Filings (Back to top)

- 1:03CV10463  (Docket)
                           (Mar. 11, 2003)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.